UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA GONZALEZ,<br><br>                              Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, NICHOLAS SALAMONE, Individually, FIDEL SANTIAGO, Individually, DARREN MELHADO, Individually, and JOHN DOE 1, Individually, (the name John Doe being fictitious, as his true name is presently unknown),<br><br>                              Defendants. | **AMENDED COMPLAINT**<br><br>15-CV-10142 (AJN)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MELISSA GONZALEZ, by her attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, which are secured by these statutes and the United States Constitution.

## JURISDICTION

2.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6. Plaintiff MELISSA GONZALEZ is a twenty-five year old United States Citizen and Hispanic female who resides in New York, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant NICHOLAS SALAMONE, Shield No. 11661, was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD and according to his official duties.

10. At all times hereinafter mentioned, the individually named defendant FIDEL SANTIAGO, Shield No. 00929, was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD and according to his official duties.

11. At all times hereinafter mentioned, the individually named defendant DARREN MELHADO, Shield No. 3998, was a duly sworn police officers of the NYPD and Sergeant, and was acting under the supervision of the NYPD, according to his official duties, and supervising

the other individually named defendants.

12. At all times hereinafter mentioned, the individually named defendant JOHN DOE 1, Shield No. unknown, was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD and according to his official duties.

13. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

14. Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

15. On March 1, 2015, at approximately 1:50 a.m., Plaintiff Melissa Gonzalez was lawfully present in the vicinity of Bruckner Boulevard and Brush Street, Bronx, New York, when Defendants Nicholas Salamone, Fidel Santiago, Darren Melhado, and John Doe 1, without any lawful justification whatsoever, unlawfully arrested and imprisoned her.

16. Before, during, and after the defendants arrested Ms. Gonzalez, she committed no crime or offense. Likewise, at all times relevant to these events, Ms. Gonzalez was not behaving in a manner that would suggest to any reasonable police officer that she had done anything unlawful.

17. Prior to the defendants falsely arresting Ms. Gonzalez, she was a backseat passenger in the vehicle of her boyfriend's friend, Albert Miqueo-Elsevit, who was initially driving in Manhattan.

18. While Mr. Miqueo-Elsevit was driving his vehicle, an unmarked NYPD vehicle put on its siren and lights while driving behind Mr. Miqueo-Elsevit's automobile.

19. Mr. Miqueo-Elsevit then drove faster and was switching lanes.

20. At this point, Ms. Gonzalez became nervous; and, shortly thereafter, Mr. Miqueo-Elsevit informed Ms. Gonzalez and her boyfriend that he was going to pull over, as the unmarked NYPD vehicle continued driving behind him.

21. In the vicinity of Bruckner Boulevard and Brush Street, Mr. Miqueo-Elsevit pulled his vehicle over, stopped it, opened the door, and ran from his automobile. NYPD officers pursued him.

22. Ms. Gonzalez, who was essentially held captive in Mr. Miqueo-Elsevit's vehicle, was nervous and shaken up by his driving; but, nevertheless, she was able to slowly exit the vehicle with her boyfriend. She then observed a marked NYPD vehicle and NYPD officers with their guns drawn, and heard an officer order her and her boyfriend to drop to the floor.

23. Ms. Gonzalez immediately complied with this instruction. She dropped down to the floor.

24. Defendant Santiago and Melhado then arrested Ms. Gonzalez from the floor upon which she dropped down pursuant to the officer's instructions.

25. At no time did Ms. Gonzalez run in the road.

26. At no time did Ms. Gonzalez run from the defendants or any other police officers.

27. At no time did any cars drive into the vicinity when Ms. Gonzalez exited the vehicle.

28. At no time did any cars slam on their breaks to avoid hitting Ms. Gonzalez.

4

29. At no time did Ms. Gonzalez flail her arms in an attempt to avoid being handcuffed.

30. At no time did Ms. Gonzalez resist arrest in anyway whatsoever.

31. At no time did Ms. Gonzalez engage in conduct that created a substantial risk of injury to others.

32. Rather, Ms. Gonzalez was held virtual hostage by Mr. Miqueo-Elsevit and then traumatized by the defendants.

33. Despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, the defendants placed handcuffs on Ms. Gonzalez's wrists, unlawfully arrested her, placed her in an NYPD vehicle, and transported her to an NYPD precinct stationhouse, where she remained unlawfully imprisoned.

34. Upon processing Ms. Gonzalez's arrest at the precinct, the defendants transported her to the Manhattan Detention Complex, where she remained unlawfully imprisoned until she was brought before the New York County Criminal Court for arraignment on the baseless charges filed under docket number 2015NY013609. These charges were filed upon the false allegations of Defendants Salamone and Santiago.

35. Defendants Salamone and Santiago manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Ms. Gonzalez at trial.

36. In the very late hours of March 1, 2015, Ms. Gonzalez was arraigned on false charges of violating New York Penal Law § 120.20, Reckless Endangerment in the Second Degree, and New York Penal Law § 205.30, Resisting Arrest, filed under docket number

5

2015NY013609.  Upon arraignment, the presiding Criminal Court judge released Ms. Gonzalez on her own recognizance.

37. Prior to Ms. Gonzalez's release at arraignment, she spent approximately twenty-two (22) hours falsely imprisoned.

38. The defendants arrested and initiated criminal proceedings against Ms. Gonzalez despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

39. The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Ms. Gonzalez.

40. This false arrest and denial of Ms. Gonzalez's fair trial rights compelled her to return to the New York County Criminal Court to face these false charges on three (3) separate occasions when, on August 6, 2015, upon the application of the District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

41. All of the events leading up to and culminating in Ms. Gonzalez being falsely arrested occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

42. All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

6

43. The underlying false arrest and denial of the right to fair trial is not an isolated incident. Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest innocent individuals on sham charges of resisting arrest and engage in falsification to that end.

44. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Ms. Gonzalez's civil rights.

45. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, discipline, and supervise them.

46. As a result of the foregoing, Plaintiff MELISSA GONZALEZ has sustained, among other damages, physical and mental injuries, emotional distress, embarrassment, humiliation, fear and fright, and deprivation of her constitutional rights and liberty.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

49. All of these aforementioned acts deprived Plaintiff MELISSA GONZALEZ of the rights, privileges, and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

50. The individual defendants carried out these illegal acts in their capacity as police officers, with the entire actual and/or apparent authority attendant to their office.

51. The individual defendants carried out these illegal acts in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

52. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

53. As a result, Plaintiff MELISSA GONZALEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants arrested Plaintiff MELISSA GONZALEZ without probable cause

or legal privilege, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

56. The defendants caused Plaintiff MELISSA GONZALEZ to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for her safety, humiliated, embarrassed, afraid, and deprived of her liberty.

57. As a result, Plaintiff MELISSA GONZALEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The defendants falsified the information against Plaintiff MELISSA GONZALEZ likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

60. The defendants caused Plaintiff to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on August 6, 2015.

61. As a result, Plaintiff MELISSA GONZALEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
<u>(Failure to Intervene under 42 U.S.C. § 1983)</u>

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. The defendants had an affirmative duty to intervene on behalf of Plaintiff MELISSA GONZALEZ, whose constitutional rights were being violated in their presence by other officers, including, but not limited to, the individual defendants.

64. The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

65. As a result, Plaintiff MELISSA GONZALEZ was subjected to false arrest, unlawful imprisonment, denial of her right to a fair trial; her liberty was restricted for an extended period of time; she was put in fear for her safety; she was humiliated and subjected to handcuffing, other physical restraints, and ultimately an extended period of imprisonment.

66. As a result, Plaintiff MELISSA GONZALEZ is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

67. All of the defendants' foregoing acts deprived Plaintiff MELISSA GONZALEZ of federally protected rights, including, but not limited to, the right:

      A.    To be free from deprivation of civil rights and liberty;

      B.    To be free from false arrest/unlawful imprisonment;

      C.    To be free from denial of the right to a fair trial; and

      D.    To be free from the failure to intervene.

68. As a result, Plaintiff MELISSA GONZALEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MELISSA GONZALEZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
May 6, 2016

    Respectfully submitted,

    **THE TRAINOR LAW FIRM, P.C.**
    26 Broadway, Suite 2100
    New York, New York 10004
    Tel: (212) 323-7410
    Fax: (212) 323-7411

    By: *Craig Trainor*
          CRAIG TRAINOR (CT 1823)

    Attorney for Plaintiff MELISSA GONZALEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA GONZALEZ,<br><br>                              Plaintiff,<br><br>           -against-<br><br>CITY OF NEW YORK, NICHOLAS SALAMONE, Individually, FIDEL SANTIAGO, Individually, DARREN MELHADO, Individually, and JOHN DOE 1, Individually, (the name John Doe being fictitious, as his true name is presently unknown),<br><br>                              Defendants. | 15-CV-10142 (AJN) |

# AMENDED COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorney for Plaintiff
26 Broadway, Suite 2100
New York, New York 10004
(212) 323-7410